**RECEIVED**
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 6 / 13 / 11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

CLARENCE E. CYRUS                    DOCKET NO. 11-CV-499; SEC. P
#95574-071

VERSUS                               JUDGE DEE D. DRELL

WILLIAM A. SHERROD, ET AL.      MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

*Pro se* Petitioner, Clarence E. Cyrus, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons; he is incarcerated at the United States Penitentiary in Pollock, Louisiana. Petitioner challenges the constitutionality of his confinement.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Facts and Background

Petitioner was convicted of distribution of cocaine base and conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. 841, 846 (2000). He was sentenced to two concurrent life sentences. He appealed the conviction, but the Fourth Circuit affirmed. U.S. v. Cyrus, 58 Fed.Appx. 978 (4th Cir. 2003). Petitioner filed a motion to vacate/set aside his sentence under 28 U.S.C. §2255, and summary judgment was entered for the Defendant. See Cyrus v. United States, No. 4:04-00412 (D.S.C.2004). His

motion for certificate of appealability was denied.  See U.S. v. Cyrus, 05-6868 (4th Cir. 2006), Doc. #23.

Petitioner filed the instant application for federal writ of habeas corpus under 28 U.S.C. §2241.  He specifically states that he is *not* challenging his conviction or sentence and that his petition is proper under 2241.  He claims that his petition "focuses solely on the loss of liberty resulting from actions taken in violation of Article III §2 of the United States Constitution." [Doc. #1, p.7]  Specifically, Petitioner claims that the government lacked standing and/or the court lacked jurisdiction to convict him because (1) no complaining party ever filed a complaint against him in case number 4:99-221, and (2) the indictment merely alleges violations of federal law - it does not identify an injury.  He claims that absent an injury and complaint, there is no standing and no Article III case or controversy. [Doc. #1, p.9]

### Law and Analysis

Habeas corpus petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge **the manner in which a sentence is executed.**  See Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000). On the other hand, a Motion to Vacate Sentence filed pursuant to 28 U.S.C. §2255 allows federal inmates to collaterally attack the **legality of their convictions or sentences.** See Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990).

Federal prisoners may use §2241 to challenge the legality of

their convictions or sentences <u>only</u> if they satisfy the §2255 "savings clause." <u>See</u> <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the §2255 remedy is "inadequate or ineffective to test the legality of his detention." <u>See</u> 28 U.S.C. §2255.

Despite his claim to the contrary, Petitioner herein is clearly attacking the legality of his **judgment** of conviction. He states that the "the district court lacked constitutional authority... to... (b) enter any **judgments** in the above mentioned case number." [Doc. #1, p.9, emphasis added] This claim should have been raise din a §2255 petition, which specifically provides for claims that "the court was without jurisdiction to impose [the challenged] sentence." Consequently, jurisdictional claims "may be adequately and effectively tested" through §2255. <u>See</u> <u>Williams v. United States</u>, 283 F.2d 59, 60 (10th Cir. 1960).

A petition filed under §2241 "is not ... a substitute for a motion under §2255." <u>See</u> <u>Jeffers v. Chandler</u>, 253 F.3d 827, 830 (5th Cir. 2001). Petitioner has not alleged that the remedy under Section 2255 is inadequate or ineffective. In order to file a second and successive petition under Section 2255, petitioner must meet the jurisdictional requirements.

It is clear that if a petitioner who has filed a §2241 petition fails to show §2255 to be inadequate or ineffective, then

3

the Court lacks jurisdiction to consider the §2241 petition, and it should be dismissed. See Christopher v. Miles, 342 F.3d 378, 379 (5th Cir. 2003).[1]

### Conclusion

Accordingly, **IT IS RECOMMENDED** that application under §2241 be **DENIED** and **DISMISSED** for lack of jurisdiction.

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.**

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by**

---

[1] Moreover, Petitioner's argument that the government lacked standing to prosecute him and/or the court lacked jurisdiction to convict/sentence him is without merit. Other petitioner's have made this argument and failed. Petitioner is referencing the case or controversy requirement for **civil litigants** to be able to have their civil claims litigated in federal court under Article III, sec. 2 of the United States Constitution. See, e.g., Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). (1) As sovereign, the United States has standing to prosecute violations of valid federal criminal statutes in federal courts. See, e.g., United States v. Daniels, 48 Fed. Appx. 409, 418 (3rd Cir. 2002). (2) Pursuant to 18 U.S.C. § 3231, "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Because Petitioner was charged with a federal crime, the district court had subject matter jurisdiction over the prosecution of the crime.

4

Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this _13_ day of June, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

5